IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MARK ALAN BARGER, JR. and**                          **PLAINTIFFS**
**MARGIE BARGER**

V.                                                                        **NO. 4:22-CV-90-DMB-JMV**

**STATE FARM FIRE AND**
**CASUALTY COMPANY**                                                  **DEFENDANT**

## OPINION AND ORDER

Mark and Margie Barger commenced this action after State Farm Fire and Casualty Company denied their claim for roof damage under their insurance policy. State Farm moves to dismiss the Bargers' complaint for failure to join the mortgagee listed in the policy or, alternatively, requests the mortgagee be allowed to join and participate in this case. Because the parties do not dispute that the mortgagee is a required party and because nothing in the record indicates joinder of the mortgagee would destroy diversity, the Bargers will be ordered to join the mortgagee as a party.

### I
### Procedural History

On May 13, 2022, Mark Alan Barger, Jr. and Margie Barger filed a complaint in the Circuit Court of Leflore County, Mississippi, against State Farm Fire and Casualty Company following State Farm's denial of their roof damage claim under the policy State Farm issued to them. Doc. #2. The complaint contains three separate counts: "Count I – Contract Damages;" "Count II – Denial of Claim without Arguable Reason;" and "Count III – Bad Faith." *Id.* at 3–4.

Asserting diversity jurisdiction, State Farm removed the case to the United States District Court for the Northern District of Mississippi on June 16, 2022. Doc. #1. Specifically, State Farm

alleges that the Bargers "are citizens of Leflore County, Mississippi;" it "is a citizen of the state of its principal place of business and place of incorporation, both of which are Illinois;" the complaint does "not specify a total amount of damages being sought" but alleges "an entitlement to $16,023.79 … as a part of compensatory damages from State Farm under the policy for damage to their roof[,] as well as an entitlement to punitive and other damages for emotional distress;" and "the amount in controversy requirement has been satisfied by the demand for attorney fees, emotional distress, and punitive damages." *Id.* at 3, 4, 6, 7–8.

On September 27, 2022, State Farm filed a "Motion to Dismiss for Failure to Join Mortgagees." Doc. #22. Because the motion violated the Local Rules, the Court denied the motion without prejudice on December 19, 2022, and allowed State Farm a period of time to "file a renewed motion and supporting memorandum in compliance with the Local Rules." Doc. #64. State Farm filed a renewed motion and supporting memorandum the next day. Docs. #66, #67. The Bargers filed a response.[1] Doc. #68. State Farm did not reply.

## II
## Standard

> [Federal] Rule [of Civil Procedure] 12(b)(7) allows for dismissal of a suit when the plaintiff fails to join a required party under Rule 19. There are three types of required parties: (1) parties needed to give complete relief to the existing parties; (2) parties who claim interests which could be practically impaired or impeded if not joined; and (3) parties necessary to ensure that existing parties are not exposed to multiple or inconsistent obligations. The burden of proof starts with the movants, but if at first glance it appears a possibly necessary party is absent, the burden shifts to the nonmovant to dispute that initial appraisal of the facts.

*Lee v. Anthony Lawrence Collection, L.L.C.*, 47 F.4th 262, 265–66 (5th Cir. 2022) (cleaned up).

"If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would

---

[1] In violation of the Local Rules, the Bargers did not file a separate memorandum brief or ask that the requirement be waived. *See* L.U. Civ. R. 7(b)(4) ("Counsel for respondent *must* … file a response *and* memorandum brief in support.") (emphases added).

destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation." *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003).

### III
### Discussion

State Farm asserts that the insurance policy it issued to the Bargers "names a mortgagee having an interest in the property … namely Guaranty Bank & Trust Company" and "[i]t is believed that at the time of the loss that the mortgagee … held an interest in the property." Doc. #67 at 1. According to State Farm, "[p]ursuant to Mississippi law mortgagees are required for a just and complete adjudication to an action such as the one brought by [the Bargers] here, making them necessary and indispensable parties" and it "could be faced with defending an additional separate suit by the mortgagee for the same losses with the potential for an inconsistent result before another Court." *Id.* at 1, 3. For these reasons, State Farm "requests this Court dismiss [the] Complaint in its entirety, or in the alternative to allow [the Bargers] to provide notice to the mortgagee of the suit and allow it an opportunity to intervene." *Id.* at 4. In support of its alternative request, State Farm relies on a decision by United States District Judge Neal Biggers in *Kelly v. State Farm Fire & Casualty Co.*, No. 3:21-cv-131 (N.D. Miss. Oct. 15, 2021), and a decision by United States District Judge Halil Suleyman Ozerden in *Flettrich v. State Farm Fire & Casualty Co.*, No. 1:07-cv-1080 (S.D. Miss. Mar. 7, 2008). Doc. #66-1.

The Bargers respond that after State Farm's initial motion, their counsel "made effort to communicate with the present owner of the mortgage by a letter sent via facsimile … on September 27, 2022;" "a second letter was sent via Certified Mail, Return Receipt Requested, dated December 21, 2022;" "it is [their] counsel's belief that some human being with the mortgage company will react to the Certified Mail … and select an option to be bound by these proceedings as was

3

suggested" in the orders submitted with State Farm's motion; and they "desire that the mortgage company be bound by the outcome of this litigation." Doc. #68.

The parties submitted a proposed agreed order[2] that requires the Bargers to "mail a copy of [the Court's Order on the motion to dismiss] to the mortgage lenders who are shown as loss payees or additional insureds on the State Farm policy at issue, or which have an interest in the property at issue in the case if not identified on the policy by virtue of subsequent assignment or refinance" and then "file into the record in this case a certificate of mailing of this document." *See* Doc. #68-1 at PageID 526. Under the proposed agreed order, after receiving this notice, "the mortgage lender may exercise one of three options:" (1) intervening in this action by filing a "Complaint in Intervention … within forty-five (45) days of receipt of th[e] Order;" (2) "approving and ratifying the actions of [the Bargers] in bringing and prosecuting this action and … agree[ing] to be bound by the ultimate decision," evidenced by a "written statement [filed] into the record in this case indicating its approval and ratification;" or (3) taking no action and "being made party Defendants under Federal Rule of Civil Procedure 19." *Id.*

The parties do not dispute—and the Court does not question—that the mortgagee involved here is a required party under Rule 19 because its absence exposes State Farm to multiple or inconsistent obligations. However, dismissal is only warranted "if the required party cannot be joined." *Escamilla v. M2 Tech., Inc.*, 536 F. App'x 417, 422 (5th Cir. 2013). And the parties have not presented any argument or evidence to support the conclusion that the addition of the mortgagee would destroy this Court's jurisdiction such that the mortgagee cannot be joined. So dismissal is properly denied.

---

[2] The proposed agreed order was submitted to the Court with respect to State Farm's initial motion and then attached as an exhibit to the Bargers' response to the second motion.

4

As to State Farm's alternative request, while apparently some federal courts in Mississippi have followed the approach in the proposed agreed order, the undersigned declines to do so. The language of Rule 19 mandates that a required party *must* be joined and instructs that "[i]f a person has not been joined as required, the court *must* order that person be made a party." Fed. R. Civ. P. 19(a)(2) (last emphasis added). Only if "joinder would destroy the court's jurisdiction" is it appropriate for a court to determine whether the litigation can continue without the required party. *HS Resources, Inc.*, 327 F.3d at 439; *see Jaffer v. Standard Chartered Bank*, 301 F.R.D. 256, 263 (N.D. Tex. 2014) ("Because Rule 19(b) first asks whether a necessary party under Rule 19(a) 'cannot be joined,' the court must next decide whether it can exercise personal jurisdiction over [the absent party]. If so, joinder will be required under Rule 19(a) …."). But, as discussed above, there is nothing in the record demonstrating that the mortgagee's joinder would destroy jurisdiction. Accordingly, under the plain language of Rule 19, the mortgagee must be added as a party.

IV
**Conclusion**

State Farm's motion to dismiss [66] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent it requests the Bargers be required to join the mortgagee; it is DENIED in all other respects. Within fourteen (14) days of the entry of this order, the Bargers may file an amended complaint[3] adding the mortgagee as a defendant. Within thirty (30) days of the filing of such amended complaint, the Bargers shall serve the amended complaint on the mortgagee pursuant to Federal Rule of Civil Procedure 4 and file proof of service with the Court. Failure to file an amended complaint will result in dismissal for failure to join a necessary party. Failure to

---

[3] The amended complaint should specifically allege the citizenship of the mortgagee as required to show diversity jurisdiction.

5

perfect and file a return of service may result in dismissal of the case for failure to comply with a court order.

**SO ORDERED**, this 10th day of February, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**