**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**MARK ALAN BARGER, JR. and**                                                      **PLAINTIFFS**
**MARGIE BARGER**

**V.**                                         **NO. 4:22-CV-90-DMB-JMV**

**STATE FARM FIRE AND**
**CASUALTY COMPANY; and**
**GUARANTY BANK AND TRUST**
**COMPANY**                                                      **DEFENDANTS**

## ORDER

On May 13, 2022, Mark Alan Barger, Jr. and Margie Barger filed a complaint in the Circuit Court of Leflore County, Mississippi, against State Farm Fire and Casualty Company following State Farm's denial of their roof damage claim under the policy State Farm issued to them. Doc. #2. State Farm removed the case to the United States District Court for the Northern District of Mississippi on June 16, 2022. Doc. #1. On December 20, 2022, State Farm filed a "Motion to Dismiss for Failure to Join Mortgagees."[1] Doc. #66. On February 10, 2023, the Court granted the motion to the extent it requested the Bargers be required to join the mortgagee, specifying that "[w]ithin fourteen (14) days …, the Bargers may file an amended complaint adding the mortgagee as a defendant." Doc. #90.

On February 13, 2023, the Bargers filed an amended complaint adding "Specialized Loan Serving, Inc." as a defendant. Doc. #92 at 1. Later the same day, the Bargers filed a second amended complaint adding only that "Specialized Loan Servicing is a Delaware corporation." Doc. #93 at 1. A week later, the Bargers filed a third amended complaint removing all references

---

[1] State Farm filed an earlier motion to dismiss for failure to join mortgagees but because the motion violated the Local Rules, the Court denied it without prejudice and allowed State Farm fourteen days to "file a renewed motion and supporting memorandum in compliance with the Local Rules." Doc. #64.

to Specialized Loan Servicing and adding Guaranty Bank and Trust Company as a defendant. Doc. #98. All three of these pleadings were filed within the fourteen-day period set by the February 10 order.

Eighteen days after the expiration of the February 10 order's deadline to file an amended complaint, the Bargers filed a fourth amended complaint adding Federal Home Loan Bank of Dallas as an additional defendant. Doc. #114. Before filing the fourth amended complaint, the Bargers neither requested the Court extend the deadline to amend nor did they seek leave to file a fourth amended complaint. Consequently, the fourth amended complaint [114] is **STRICKEN**.[2] The operative complaint in this case is the third amended complaint filed February 20, 2023.[3] *See* Doc. #98.

**SO ORDERED**, this 31st day of March, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] Accordingly, State Farm's March 28 answers to the fourth amended complaint are not considered part of the pleadings in this case.

[3] Though the Court's February 10 ruling did not contemplate the filing of *multiple* amended complaints within the allowed time period, *see* Doc. #90 at 5, because the Bargers filed the third amended complaint by the deadline specified in the order and because State Farm "tacitly consented to the amendment" by filing an answer to the third amended complaint, the Court treats the third amended complaint as the operative complaint. *Jefferson v. Broadnax*, No. 3:12-CV-4638, 2013 WL 3455707, at *1 n.1 (N.D. Tex. July 9, 2013).