IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MARK ALAN BARGER, JR. and**     **PLAINTIFFS**
**MARGIE BARGER**

**V.**     **NO. 4:22-CV-90-DMB-JMV**

**STATE FARM FIRE AND**
**CASUALTY COMPANY; and**
**GUARANTY BANK AND TRUST**
**COMPANY**     **DEFENDANTS**

## OPINION AND ORDER

Following the plaintiffs' addition of Guaranty Bank and Trust Company to this case as a non-diverse defendant, State Farm Fire and Casualty Company moved to realign Guaranty Bank as a plaintiff on grounds that Guaranty Bank and the plaintiffs have similar interests in obtaining insurance payments for damage to the plaintiffs' property. Because the Court agrees Guaranty Bank should be realigned but that State Farm's further request to extend pending pretrial deadlines is moot, the motion will be granted in part and denied in part.

## I
## Procedural History

On May 13, 2022, Mark Alan Barger, Jr. and Margie Barger filed a complaint in the Circuit Court of Leflore County, Mississippi, against State Farm Fire and Casualty Company, asserting claims arising from State Farm's denial of insurance coverage for roof damage to their property. Doc. #2. The complaint contains three separate counts: "Count I – Contract Damages;" "Count II – Denial of Claim without Arguable Reason;" and "Count III – Bad Faith." *Id.* at 3–4.

Asserting diversity jurisdiction, State Farm removed the case to the United States District Court for the Northern District of Mississippi on June 16, 2022. Doc. #1. Specifically, State Farm

alleges that it "is a citizen of the state of its principal place of business and place of incorporation, both of which are Illinois;" the Bargers "are citizens of Leflore County, Mississippi;" the complaint does "not specify a total amount of damages being sought" but alleges "an entitlement to $16,023.79 … as a part of compensatory damages from State Farm under the policy for damage to their roof[,] as well as an entitlement to punitive and other damages for emotional distress;" and "the amount in controversy requirement has been satisfied by the demand for attorney fees, emotional distress, and punitive damages." *Id.* at 3, 4, 6, 7–8.

State Farm subsequently moved to dismiss the Bargers' claims for failure to join the mortgagee listed in the policy or, alternatively, requested the mortgagee be allowed to join and participate in the case. Doc. #66. On February 10, 2023, after concluding that "the mortgagee involved here is a required party under Rule 19 because its absence exposes State Farm to multiple or inconsistent obligations" but "nothing in the record demonstrate[d] that the mortgagee's joinder would destroy jurisdiction," the Court granted the motion to the extent it requested the Bargers be required to join the mortgagee, specifying that "[w]ithin fourteen (14) days …, the Bargers may file an amended complaint adding the mortgagee as a defendant." Doc. #90 at 5 (footnote omitted). Further, the Court advised that "[t]he amended complaint should specifically allege the citizenship of the mortgagee as required to show diversity jurisdiction." *Id.* at n.3.

On February 13, 2023, the Bargers filed an amended complaint listing "Specialized Loan Serving, *Inc*." in the caption and alleging that "Specialized Loan Servicing is a *corporation* qualified to do business in Mississippi." Doc. #92 at 1 (emphases added). However, the amended complaint also alleged that "Specialized Loan Servicing, *LLC* is the current owner of the mortgage upon the Barger's [sic] home which is the property insured by State Farm." *Id.* at 1 (emphasis added). Later the same day, the Bargers filed a second amended complaint adding only that

2

"Specialized Loan Servicing is a Delaware *corporation*." Doc. #93 at 1 (emphasis added). A week later, the Bargers filed a third amended complaint removing all references to Specialized Loan Servicing and adding Guaranty Bank and Trust Company as a defendant. Doc. #98. The third amended complaint alleges that Guaranty Bank, "a lienholder having a financial interest on the Bargers' home," "is a Mississippi corporation qualified to do business and doing business in Mississippi." *Id*. at 1. Both State Farm and Guaranty Bank filed answers to the third amended complaint.[1] Docs. #111, #113.

State Farm filed a "Motion to Align Mortgagee as Plaintiff" on February 23, 2023. Doc. #103. No response was filed and the deadline to do so has expired.[2]

## II
## Discussion

Asserting that "[t]he addition of the non-diverse mortgagee, Guaranty Bank … as a defendant will destroy diversity," State Farm "seeks to have the Court re-align the non-diverse defendant, Guaranty Bank, as a plaintiff as it shares the same ultimate interest in the outcome of the case as the [Bargers], recovering additional insurance payments for damage to the residence." Doc. #103 at 1. Further asserting that "[a]fter Guaranty Bank is realigned as a plaintiff, there is complete diversity of the parties," State Farm also "moves the Court to stay the case pending a determination of jurisdiction or alternately, to extend all pending deadlines to allow Guaranty Bank

---

[1] The Court's February 10 ruling did not contemplate the filing of *multiple* amended complaints. *See* Doc. #90 at 5 (allowing the Bargers to file "an amended complaint"). And Federal Rule of Civil Procedure 15 requires a party to seek leave before filing an amended pleading, except in certain instances not applicable here. However, because the third amended complaint was filed within the time period set by the Court and because State Farm "tacitly consented to the amendment" by filing an answer to the third amended complaint, the Court treats the third amended complaint as the operative complaint. *Jefferson v. Broadnax*, No. 3:12-CV-4638, 2013 WL 3455707, at *1 n.1 (N.D. Tex. July 9, 2013).

[2] After the completion of briefing on the motion to align parties, the Bargers filed a fourth amended complaint on March 14, 2023. Doc. #114. State Farm filed answers to the fourth amended complaint on March 28, 2023. Docs. #118, #119. Because the fourth amended complaint was not filed within the fourteen-day period set by the February 10 order, the Court struck the fourth amended complaint as filed without leave. Doc. #120.

3

to participate in discovery." *Id.*

"The court has a duty to realign the parties based on their sides in the dispute." *Weaver v. Metro. Life Ins. Co.*, 939 F.3d 618, 625 (5th Cir. 2019). In doing so, a court must "look beyond the pleadings" to "insure that there is a *bona fide* dispute between citizens of different states." *Id.* "[A]ny realignment of parties should take place *before* jurisdiction is decided." *Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 387 (5th Cir. 2018).

There is no dispute that Guaranty Bank's interests in this case are aligned with the Bargers' interests rather than State Farm's. *See* Doc. #111 (Guaranty Bank's answer indicating it retains a "home equity line of credit" issued to the Bargers regarding the subject property). Accordingly, the Court agrees that Guaranty Bank should be realigned as a plaintiff. So State Farm's motion will be granted to that extent. And because the Bargers and Guaranty Bank are all citizens of Mississippi[3] and State Farm is a citizen of Illinois, upon realignment, complete diversity exists.

As for State Farm's request to stay this case or extend all pending deadlines, such will be denied as moot. On State Farm's motion filed the day after its motion to realign, all pending pretrial deadlines as well as the trial date were reset by orders issued February 27. *See* Docs. #107, #109.

**III**
**Conclusion**

State Farm's "Motion to Align Mortgagee as Plaintiff" [103] is **GRANTED in Part and**

---

[3] Contrary to the Court's instruction that "[t]he amended complaint should specifically allege the citizenship of the mortgagee as required to show diversity jurisdiction," Doc. #90 at 5 n.3, the third amended complaint alleges Guaranty Bank is a corporation but fails to set forth its principal place of business. Doc. #98 at 1; *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 281 (5th Cir. 2020) ("To adequately allege the citizenship of … a corporation, [a party] must set out the principal place of business of the corporation as well as the state of its incorporation.") (internal citations omitted). However, Guaranty Bank's answer confirms that "its principal offices and place of doing business [is] in … Mississippi." Doc. #111 at PageID 634; *see Perret v. Handshoe*, 708 F. App'x 187, 188 n.9 (5th Cir. 2018) ("Although Handshoe did not initially allege diversity of citizenship, because there is evidence of diversity in the record, … we allow Handshoe to amend his notice of removal to correct for its technical deficiency under 28 U.S.C. § 1653.") (cleaned up).

**DENIED in Part**.  The motion is GRANTED to the extent it seeks Guaranty Bank's realignment; it is DENIED in all other respects as moot.  Guaranty Bank is **REALIGNED** as a plaintiff in this case.  The caption of all future filings shall indicate (1) as the plaintiffs: Mark Alan Barger, Jr., Margie Barger, and Guaranty Bank and Trust Company; and (2) as the defendant: State Farm Fire and Casualty Company.  The Clerk of Court is directed to modify the docket of this case accordingly.

    **SO ORDERED**, this 31st day of March, 2023.

                                                            **/s/Debra M. Brown**
                                                            **UNITED STATES DISTRICT JUDGE**