### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

| | |
|---|---|
| MARK ALAN BARGER, JR. AND MARGIE BARGER | PLAINTIFFS |
| V. | CIVIL ACTION NO. 4:22-CV-90-DMB-DAS |
| STATE FARM FIRE AND CASUALTY COMPANY AND GUARANTY BANK & TRUST COMPANY | DEFENDANTS |

ORDER AND MEMORANDUM OPINION

Before the court is defendant State Farm Fire and Casualty Company's ("State Farm") Motion to Exclude Expert Testimony and the plaintiff's Motion to Permit Untimely Expert Designation. Docket 136, 137. State Farm seeks to prohibit the plaintiffs from utilizing any expert opinion testimony as evidence in this case for their failure to designate any expert witnesses within the time period prescribed by the case management deadlines.

Shortly after State Farm filed its motion to exclude, the plaintiffs moved to permit the untimely designation of Lindy Oswalt, Bryan Cade, and Alan Barger as non-retained experts in this case.

*Facts and Procedural History*

Under the court's Case Management Order, the plaintiffs' deadline for submitting expert designations was November 15, 2022. Docket 13. The deadline passed without any designation. After substantive development in the case, including the filing of a Third Amended Complaint, the court continued the trial in this case, necessitating the resetting of case management deadlines, including the plaintiffs' expert designation deadline. Docket 108, 109. The court reset the plaintiffs' expert designation deadline for April 21, 2023, essentially giving the plaintiffs a

second opportunity to designate experts. However, the deadline again passed without any designation.

The plaintiffs' claims involve the amount of proceeds owed under a State Farm homeowners policy for water damage to the plaintiffs' residence. The issue presently before the court is whether the plaintiffs have properly designated Lindy Oswalt, Bryan Cade, and Alan Barger as expert witnesses such that they will be permitted to offer expert testimony in this case. Acknowledging their failure to timely designate these individuals, the plaintiffs contend the oversight was harmless because the substance of their testimony was made known to State Farm through discovery.

*Legal Standard*

Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to disclose "the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Rule 26(a)(2)(B) provides "this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case…." Parties need not submit a written report for experts who are not specially retained or employed to provide expert testimony, but who still qualify as experts under Rule 702. Fed. R. Civ. P. 26(a)(2)(C). For these experts, the designating party must disclose the subject matter of the expert's testimony and a summary of the facts and opinions to which she is expected to testify. *Id*.

These disclosures must be made and supplemented in the time and sequence ordered by the court. Fed. R. Civ. P. 26(a)(2)(D)-(E). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

In determining whether the testimony of a late-designated expert witness should be permitted the court considers four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir.1990)).

According to the Advisory Committee Note to Rule 37, this sanction provides "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion," by the deadline. The purpose of these disclosure requirements is to "eliminate unfair surprise to the opposing party." *Hill v. Koppers Indus.*, 2009 WL 3246630, at *2 (N.D. Miss. Sept. 30, 2009)(citing *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007)).

*Discussion*

The plaintiffs confess that their expert designation is untimely and explain they erroneously assumed the information provided in their initial disclosures was adequate compliance. Docket 137. Arguing that this failure was harmless, the plaintiffs contend the substance of these witnesses' testimony has been made known to State Farm through written discovery and their deposition testimony. Putting aside the untimeliness of the plaintiffs' proposed expert designations, the court will first consider the sufficiency of plaintiffs' designations under Federal Rule of Civil Procedure 26(a)(2).

1. Lindy Oswalt, LPC

Lindy Oswalt is a licensed professional counselor who treated the plaintiffs. The plaintiffs' proposed expert designation states Ms. Oswalt "is expected to testify consistent with deposition she gave on January 25, 2023," regarding the plaintiffs' claims for emotional and

mental distress. Docket 137-1. Ms. Oswalt is identified in the plaintiffs' discovery responses as a treating therapist as follows: "Alan Barger is seeking recovery based on the fact he experienced mental anguish and distress from State Farm's wrongful actions. His therapist, Lindy M. Oswalt, has been treating Alan Barger since April 2020." Docket 135-14 at 4.

As a treating provider, Ms. Oswalt is subject to Rule 26's disclosure mandates. *See Barnett v. Deere & Co.*, 2016 WL 5735312 (S.D. Miss. Sept. 11, 2016). Because Ms. Oswalt is not retained or specifically employed to provide expert testimony, she is not required to submit an expert report, but the plaintiffs' disclosure must contain the subject matter of her testimony and a summary of the opinions about which she is expected to testify. *See* Fed. R. Civ. P. 26(a)(2)(C). The plaintiffs have not satisfied that requirement.

The plaintiffs cannot rest on discovery responses or unidentified portions of deposition testimony to satisfy their expert disclosure requirements – even for non-retained expert witnesses. A designation is not sufficient when it provides only that the treating provider intends to offer opinions consistent with her deposition testimony and/or treatment records without identifying those opinions. The court appreciates that the local rule requires only a "summary" of the facts and opinions held, but the plaintiffs have not made a satisfactory showing of either, regardless of timeliness.[1]

However, the requirement to provide "a summary of the facts and opinions to which the witness is expected to testify" applies only to witnesses who are called to offer *expert* testimony. *Moore v. Lipscomb Oil Co.*, 2015 WL 1037654, at *2 (N.D. Miss. Mar. 10, 2015). In the past,

---

[1] For the first time in their reply brief, the plaintiffs specifically identify Ms. Oswalt's opinions which they claim have been known to State Farm since her deposition. Again, while these opinions may have been revealed in Ms. Oswalt's deposition testimony, the plaintiffs' failure to specifically identify them in their proposed expert disclosures precludes their ability to rely on Ms. Oswalt's opinions as evidence in this case. The plaintiffs were given two opportunities to properly designate experts in this litigation, and their failure to properly identify Ms. Oswalt's opinions at any time prior to submitting their reply brief is in no way substantially justified.

the court has permitted medical providers to testify as fact witnesses when a party failed to comply with the disclosure requirements for expert witnesses. *See, Seibert v. Jackson Cnty., Miss.*, 2015 WL 5039950, at *2 (S.D. Miss. Aug. 26, 2015) (collecting cases); *Doss v. NPC Int'l*, 2010 WL 2900422 at *3 (limiting testimony of treating physician because designation of physician as expert failed to comply with requirements of L. U. Civ. R. 26).

To the extent Ms. Oswalt has been properly identified as a witness in this case and the treatment records about which she seeks to testify have been produced in discovery, she may testify as a fact witness. But she may only "testify as to basic facts known to [her] as the treating [provider] without expressing any opinion at all." *Robbins v. Ryan's Family Steak House E., Inc.*, 223 F.R.D. 448, 453 (S.D. Miss. 2004). She may not provide any testimony informed by or based on her experience or training as a licensed professional counselor or any other specialized or technical knowledge.

2. Bryan Cade

As to Bryan Cade, owner of Platinum Roofing, the plaintiffs' proposed expert designation states:

> Mr. Cade is expected to testify consistent with the testimony given in his deposition relative to the locations of the damaged roof as well as the locations of the water intrusion into the Bargers' home and his conclusion that a roof replacement was needed as the remedy to stop the leaking caused by the June 10, 2021 storm event.

The plaintiffs argue "the only 'opinion' [Cade] is expected to give is his opinion that the house needed a replacement roof in order for him as a roofing contractor to take responsibility for the performance of the roof he would be thereafter responsible." Docket 137. They contend "State Farm has taken his deposition and has been fully informed of his opinions and/or factual observations of the roof's condition and damage caused by hail and wind on photos shown to him." *Id*.

Again, the proposed designation is insufficient under the standard set forth in Rule 26(a)(2)(C). While the plaintiffs provide Mr. Cade's opinion that the house needed a replacement roof, they fail to set forth a summary of the facts to which Mr. Cade is expected to testify other than generally referencing his deposition testimony. However, to the extent that the plaintiffs seek only to elicit testimony from Mr. Cade regarding his first-hand observations of damage to the roof, an expert designation is not required. While lay witnesses are prohibited from offering opinions based on "scientific technical or other specialized knowledge within the scope of Rule 702," business owners are permitted to testify based on "particularized knowledge derived from their position." *DIJO, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679, 685 (5th Cir. 2003) (internal citations omitted).

3. Alan Barger

The plaintiffs acknowledge that Mr. Barger – a named plaintiff in this case – is a registered professional engineer but state he does not claim to be a roofing expert. Docket 137. The proposed expert designation indicates Mr. Barger "will testify to what he actually observed," including his personal survey of the roof and related photos, and "explain the significance of the photographs relative to claims made by State Farm's current expert [M. Joseph] Shahid, as well as claims made by State Farm, in apparent reliance on the Seek Now report...." Docket 137-1. The designation further provides Mr. Barger will testify "as to his opinion that Mr. Shahid's opinions contained in his second supplemental designation dated May 19, 2023 to the effect that given more time the roof assembly would have naturally dried and returned to its pre-storm condition and violations of the ethical standards for professional engineers." *Id*.

The plaintiffs' designation again falls short of providing the subject matter of Mr. Barger's testimony and a summary of the facts and opinions to which he is expected to testify. The designation summarily provides Mr. Barger will "explain the significance" of photographs

relative to State Farm's claims but fails to provide that explanation or summarize the facts or opinions related to various unspecified claims. It states he will testify "as to his opinion" regarding State Farm's expert's supplemental designation but does not provide any factual basis for, as just one example, the alleged "violations of the ethical standards for professional engineers." To the extent Mr. Barger's testimony is limited to his personal observations and further meets the requirements of Federal Rule of Evidence 701, nothing in this order is intended to preclude his ability to offer testimony – perhaps even on the subjects referenced in the proposed expert designation – as a lay witness. However, he is precluded from offering expert testimony.

*Conclusion*

Because the plaintiffs' proposed expert designations do not meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(C), their Motion to Permit Untimely Expert Designation is **DENIED.** State Farm's Motion to Exclude Expert Testimony is **GRANTED.** Lindy Oswalt, Bryan Cade, and Alan Barger are precluded from offering expert testimony in this case, however, nothing in this order is intended to limit their ability to testify as lay witnesses provided their testimony satisfies the applicable evidentiary requirements.

**SO ORDERED**, this the 18th day of July, 2023.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**