IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARK ALAN BARGER, JR.
AND MARGIE BARGER                                                              PLAINTIFFS

V.                                              CIVIL ACTION NO. 4:22-CV-90-DMB-DAS

STATE FARM FIRE AND
CASUALTY COMPANY AND
GUARANTY BANK & TRUST COMPANY                                                  DEFENDANTS

ORDER CLARIFYING [145] ORDER AND MEMORANDUM OPINION

Defendant State Farm Fire and Casualty Company ("State Farm") seeks clarification as to whether the court's July 18, 2023 Order and Memorandum Opinion permits Bryan Cade to provide lay opinion testimony that damage to the plaintiffs' roof was caused by hail. Docket 149.

The court's Order and Memorandum Opinion precludes Mr. Cade's ability to offer expert testimony for the plaintiffs' failure to properly designate him yet provides "to the extent that the plaintiffs seek only to elicit testimony from Mr. Cade regarding his first-hand observations of damage to the roof, an expert designation is not required." The court cited *DIJO, Incorporated v. Hilton Hotels Corporation*, stating "[w]hile lay witnesses are prohibited from offering opinions based on 'scientific technical or other specialized knowledge within the scope of Rule 702,' business owners are permitted to testify based on 'particularized knowledge derived from their position.'" *DIJO, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679, 685 (5th Cir. 2003) (internal citations omitted).

State Farm argues that the exception to expert testimony described in *DIJO, Incorporated v. Hilton Hotels Corporation* does not extend to non-party witnesses who happen to be business owners "whose testimony is based on 'particularized knowledge derived from their position' as owner…." Docket 149 at 3-4. The court agrees and clarifies that because Mr. Cade is not a party to this action, he is prohibited from offering testimony regarding the cause of damage to the

plaintiffs' roof because such testimony requires "scientific, technical, or other specialized knowledge" under Federal Rule of Evidence 702 and is not permitted under Rule 701. Because he was not designated properly as an expert, Mr. Cade cannot opine that the damage to the plaintiffs' roof was "caused by the June 10, 2021 storm event" as indicated in the plaintiffs' proposed expert designation.

With respect to testimony regarding estimated replacement costs, the Fifth Circuit's decision in *Pendarvis v. American Bankers Insurance Company of Florida* is particularly instructive regarding the permitted scope of lay testimony under similar circumstances. *Pendarvis v. Am. Bankers Ins. Co. of Fla.*, 354 F. App'x 866 (5th Cir. 2009). The Fifth Circuit found a contractor's repair cost estimates required

> at a minimum, [the lay witness] to forecast the amount, type, and costs of materials needed, as well as the amount of labor required to complete the long list of repairs. These forecasts are not common knowledge, familiar in everyday life. They require specialized knowledge of construction and repair work.

*Id*. at 869. Likewise, Mr. Cade utilized "scientific, technical, or other specialized knowledge" to formulate his estimate to repair the plaintiffs' roof; thus, his opinion as to the estimated repair costs is not permitted under Rule 701.

However, to the extent the plaintiffs seek to have Mr. Cade testify as to his non-technical personal knowledge of facts relevant to this case, they are allowed to elicit such testimony. As noted in their proposed expert designation, the plaintiffs identified Mr. Cade's observations of the damaged roof and locations of water intrusion. Such lay testimony, so long as it is limited in accordance with Federal Rule of Evidence 701, will not be stricken for failure to designate properly.

**SO ORDERED**, this the 2nd day of August, 2023.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**