IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MARK ALAN BARGER, JR.**
**AND MARGIE BARGER**                                                                                               **PLAINTIFFS**

**V.**                                                                       **CIVIL ACTION NO. 4:22-CV-90-DMB-DAS**

**STATE FARM FIRE AND**
**CASUALTY COMPANY AND**
**GUARANTY BANK & TRUST COMPANY**                                  **DEFENDANTS**

ORDER DENYING MOTION FOR RECONSIDERATION

On June 22, 2023, the defendant State Farm Fire and Casualty Company ("State Farm") filed a motion to exclude certain expert testimony and in response to the defendant's motion, the plaintiffs Mark Alan Barger, Jr. and Margie Barger ("plaintiffs") filed a motion to permit an untimely expert designation. Docket 125, 137. On July 18, 2023, the court entered an order granting State Farm's motion and denying the plaintiffs' motion. Docket 145. The court later clarified portions of its order and memorandum opinion in a separate order entered on August 2, 2023. Docket 151. The court held that the plaintiffs' proposed expert designations did not meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(C) and that Bryan Cade and Lindy Oswalt were precluded from offering expert testimony in this case. Docket 145.

The plaintiffs have now moved – on October 11, 2023 – for reconsideration of the aforementioned orders. The motion "reincorporate[s] their prior briefing" and "suggest[s] to the Court" that their proposed expert Bryan Cade's opinions and testimony are admissible under Federal Rule of Evidence 701 and "remind[s] the Court" that the plaintiffs timely disclosed all information related to counselor Lindy Oswalt to State Farm causing it no prejudice.

This court's decision in *Miller v. Board of Trustees of the Institute of Higher Learning for the State of Mississippi* sets forth the standard for evaluating motions for reconsideration as follows:

> Motions for reconsideration may be granted upon one of four grounds: "(1) new evidence has become available; (2) it is necessary to correct manifest errors of law or fact upon which the judgment is based; (3) it is necessary to prevent manifest injustice; or (4) the existence of an intervening change of the law." *Johnson v. Buentello*, 2010 WL 727752, at *1 (N.D. Tex. Mar. 2, 2010) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). Such motions are not meant to be used as a vehicle to relitigate issues that "should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Id.* (quoting *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, at *2 (E.D. La. Jun. 5, 2002)). Thus, granting such motions is "an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 F. App'x 634, 636 (5th Cir. 2007).

*See Miller v. Bd. of Trustees of Inst. of Higher Learning for Mississippi*, 2018 WL 5046682, at *1 (N.D. Miss. Oct. 17, 2018).

The only basis for reconsideration the plaintiffs offer is that the court misinterpreted the applicable case law in reaching its decision. The cases relied on by the plaintiffs to support their contention that Bryan Cade should be allowed to offer expert testimony in this case without having been properly designated as an expert witness are all distinguishable from the facts herein. In those cases, the individuals who were permitted to offer expert testimony without having been designated as experts fell within the example provided in the Advisory Committee Notes to the 2000 amendment to Federal Rule of Evidence 701:

> For example, most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. *See, e.g., Lightning Lube, Inc. v. Witco Corp.* 4 F.3d 1153 (3d Cir. 1993) (no abuse of discretion in permitting the plaintiff's owner to give lay opinion testimony as to damages, as it was based on his knowledge and participation in the day-to-day affairs of the business). Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized

knowledge that the witness has by virtue of his or her position in the business. The amendment does not purport to change this analysis.

As "a roofer recommended by State Farm's Claims Agent, Hartley Kittle, to re-roof the Barger's home," Bryan Cade does not fall within the class of individuals permitted to offer expert testimony without the necessity of qualifying as an expert as outlined in the Advisory Committee Notes above. Docket 200. As the court explained in its August 2, 2023 Order, the exception to expert testimony described in *DIJO, Incorporated v. Hilton Hotels Corporation* does not extend to non-party witnesses – such as Bryan Cade – who happen to be business owners "whose testimony is based on 'particularized knowledge derived from their position' as owner…." *DIJO, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679, 685 (5th Cir. 2003) (internal citations omitted). Because Mr. Cade is not a party to this action, his purported testimony does not fall within the exception outlined in the Advisory Committee Notes, and he is prohibited from offering testimony regarding the cause of damage to the plaintiffs' roof because such testimony requires "scientific, technical, or other specialized knowledge" under Federal Rule of Evidence 702 and is not permitted under Rule 701. The court finds no basis for reconsideration of its finding that the plaintiffs' failure to properly designate Bryan Cade as an expert witness precludes his expert opinion testimony in this case.

As for Lindy Oswalt, the plaintiffs offer no new grounds for reconsideration but instead reassert the same arguments made in their original briefing on the issues addressed by the court's earlier orders. Merely stating that "state Farm cannot claim any plain legal prejudice" as a result of the plaintiffs' failure to properly designate Lindy Oswalt as an expert is a wholly insufficient basis for reconsideration, much less for permitting her expert testimony. The plaintiffs' motion for reconsideration is **DENIED.**

**SO ORDERED**, this the 26th day of October, 2023.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**