IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MARK ALAN BARGER, JR.;**                                                        **PLAINTIFFS**
**MARGIE BARGER; and GUARANTY**
**BANK AND TRUST COMPANY**

**V.**                                                                                   **NO. 4:22-CV-90-DMB-DAS**

**STATE FARM FIRE AND**
**CASUALTY COMPANY**                                                                      **DEFENDANT**

## ORDER

On October 11, 2023, State Farm Fire and Casualty Company filed a "Motion to Strike Plaintiffs' Response to State Farm's Motion in *Limine* No. 1 Through Motion in *Limine* No. 15 [Doc. 196] and Memorandum Brief in Support of Same [Doc. 197]."[1] Doc. #198. As cause, State Farm represents:

> Pursuant to the Case Management Order [Doc. 13], the deadline for motions *in limine* is twenty-one (21) calendar days prior to the pretrial conference; the deadline for responses is fourteen (14) calendar days before the pretrial conference. … The pretrial conference is October 17, 2023. … So, the filing deadline for motions *in limine* was September 26, 2023, and the response deadline was October 3, 2023.
>
> [It] timely filed motions *in limine* and any response to those motions was due by October 3, 2023. Instead, [the Bargers] filed a response to [its] motions *in limine* [Doc. 196, 197] on October 10, 2023, a week after the court imposed deadline.
>
> …
>
> [The Bargers'] failure to request an extension by motion "leaves their untimeliness without explanation constituting good cause or excusable neglect" and their response to [its] motions *in limine* should not be considered.

*Id.* at 1, 2 (paragraph numbering omitted) (quoting "*Norwood v. United Med. Recovery, LLC*, No. 4:21-CV-134-DMB-JMV, 2023 WL 113727, at *3 n9 (N.D. Miss. Jan. 5, 2023)").

---

[1] Though not specified by State Farm in the motion to strike, the referenced motions in limine are docket entries 164, 166, 168, 170, 172, 174, 176, 178, 180, 182, 184, 186, 188, 190, and 192.

The next day, the Bargers responded in opposition to the motion to strike. Doc. #201. While the Bargers "acknowledge that the initial Case Management Order … set the deadline for Motions in Limine as twenty-one (21) calendar days prior to the Pre-Trial Conference, and the deadline for Responses as fourteen (14) days from the Pre-Trial Conference," the Bargers submit that (1) "[t]he [February 27, 2023] Order Resetting Case Management Deadlines … did not address Motions in Limine;" (2) "by separate Order [D.E. 110], the Court reset the final Pre-Trial Conference for October 17, 2023," which "also did not address the timing and sequence of Motions in Limine;" (3) they "responded to [State Farm's motions in limine] within fourteen (14) days of service of the Motions, pursuant to L.U. Civ. R. 7(b)(4);" and (4) "State Farm is not prejudiced by the untimely response, insofar as … no Rebuttal was permitted." Doc. #201 at 1–2.

State Farm replies that "L.U. Civ. R. 7(b)(2)(E) requires that all responses to motions *in limine* must be filed no later than fourteen calendar days before the pretrial conference" and "[a]ttorneys are charged with knowing the local rules;" and that "a similar argument" to that advanced by the Bargers "was rejected … in *Massey v. Desoto County*, No. 2:08CV243-MPM, 2013 WL 12180715, at *1 (N.D. Miss. Mar. 12, 2013)." Doc. #204 at 1.

There is no dispute that both Local Rule 7(b)(2)(E) and the August 16, 2022, case management order require a response to a motion in limine to be filed no later than fourteen calendar days before the pretrial conference. That deadline did not change just because the February 27, 2023, order resetting certain case management deadlines did not address motions in limine.[2] Nor does it help the Bargers' position that docket entry #110 (a February 28, 2023, notice

---

[2] That order properly did not address motions in limine. It merely modified certain pretrial deadlines based on the continuance of the trial date—which, in turn, resulted from a motion by State Farm requesting a trial continuance and an extension of *only* the deadlines for experts, discovery, and dispositive motions. *See* Docs. #105, #107, #109.

which the Bargers describe as an order),[3] which reset the pretrial conference for October 17, 2023, does not mention the timing and sequence of motions in limine.  That notice, by resetting the pretrial conference for October 17, 2023, is the very document which established the Bargers' response deadline as October 3, 2023.  Finally, to the extent the Bargers argue State Farm is not prejudiced by their late response, such conclusory argument alone is insufficient to excuse their tardy response.[4]

For these reasons, and because the Bargers at no point sought an extension of their deadline to respond, State Farm's motion to strike [198] is **GRANTED**.  The Bargers' response [196] and memorandum brief [197] are **STRICKEN**.

**SO ORDERED**, this 8th day of February, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] The Bargers presumably intended to cite the docket number of the order entered the day before on February 27, 2023, in which certain pretrial deadlines were reset.  *See* Doc. #109.  That order resulted from a motion by State Farm specifically requesting a trial continuance along with an extension of *only* the deadlines for experts, discovery, and dispositive motions.

[4] Federal Rule of Civil Procedure 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect."  A determination of whether a party has shown excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 525 (5th Cir. 2021) (citation omitted).  Factors considered "include but are not limited to the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (cleaned up).  The Bargers do not address all these factors, only the issue of prejudice.  Even if the Court presumed State Farm would not be prejudiced, the mere lack of prejudice is not sufficient to demonstrate excusable neglect because "[t]he word excusable would be read out of the rule if inexcusable neglect were transmuted into excusable neglect by a mere absence of harm." *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 469 n.4 (5th Cir. 1998) (cleaned up).  Regardless, "even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010).  For all the reasons stated in this order, the Court declines to exercise its discretion to excuse the Bargers' late response.